## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO._____



ANTHONY P. SCHMIDT, JR.,

        Plaintiff,

v.

VERSACOMP, INC. d/b/a
TNT LIFT SYSTEMS, a Florida corporation;
and RICHARD ULRICH,

        Defendants.

_____/

FILED by \_\_\_\_ D.C.
INTAKE

JAN 2 2 2008

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

## COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, BREACH OF SETTLEMENT AGREEMENT, CANCELLATION OF FLORIDA STATE TRADEMARK/SERVICE MARK REGISTRATIONS, AND INJUNCTIVE RELIEF

Plaintiff ANTHONY P. SCHMIDT, JR, (hereinafter "Plaintiff" or "Schmidt"), by his attorney, as and for his Complaint, sues Defendants  VERSACOMP, INC. d/b/a TNT LIFT SYSTEMS, a Florida corporation; and RICHARD ULRICH (collectively "Defendants"), and alleges and avers as follows:

### JURISDICTION AND VENUE

1.     This is a complaint for federal trademark infringement, and false designation of origin arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), respectively, for Florida unfair competition, for breach of a settlement agreement, and for cancellation of two Florida Department of State trademark/service mark registrations.

2.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121. This Court has related supplemental claim jurisdiction over the state

law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367. This court has retained subject matter jurisdiction over the breach of settlement agreement claim by virtue of its Order [DE 59] in *Schmidt v. Versacomp, et al.*, Case No. 05-61593-CIV-JORDAN.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred and occur in this district, and the Defendants regularly conduct business in this district.

## THE PARTIES

4.      The Plaintiff, ANTHONY P. SCHMIDT, JR., is an individual domiciled in the state of Michigan and a resident of the state of Florida, and is a citizen of the United States of America.

5.      The Defendant, VERSACOMP, INC. d/b/a TNT LIFT SYSTEMS, is a corporation organized under the laws of the state of Florida, with a principal place of business address in Ft. Lauderdale, Florida. Upon information and belief, Versacomp, Inc. is engaged in the business of manufacturing and selling marine accessories, including boat lifting devices, throughout the United States including this district.

6.      The Defendant, RICHARD ULRICH, upon information and belief, is the president, a director, and the majority shareholder of Defendant Versacomp, Inc.

## FACTUAL BACKGROUND

7.      Schmidt is an entrepreneur and inventor.

8.      Schmidt is the owner of all substantial right, title and interest in and to a number of United States patents, including, but not limited to U.S. Pat. No. 5,544,606 ("the '606 patent") which issued on April 13, 1996. The '606 patent is directed to a vehicle lift for a boat. More specifically, the lift is attached to the transom of a large boat or yacht and is power operated to raise or lower a lift

2

platform into and out of the water. The lift is used as a swim platform, or a platform onto which a

personal water craft or dinghy is secured.

9.     Prior to the invention of the '606 patented device, Schmidt, in 1988, incorporated a business

in Florida, with a principal place of business located in this district, for the purpose of manufacturing

and selling boat lifting devices. This company was called TNT MARINE ENTERPRISES, INC.

In 1994, Schmidt continued manufacturing and selling boat lifting devices under the corporate name

and service mark TNT MARINE EQUIPMENT, INC. In 2000, Schmidt sold TNT MARINE

EQUIPMENT, INC. to a third party, and retained a security interest in his patents, including the '606

patent. The third party continued to operate TNT MARINE EQUIPMENT, INC. as a manufacturer

and seller of boat lifting devices. In 2000, the third party defaulted, and in 2005, Schmidt ultimately

recovered ownership in his patents, including the '606 patent, and also recovered the right to sue for

past infringements thereof.

10.     In 2001, VERSACOMP, at the direction of ULRICH, began doing business as TNT LIFT

SYSTEMS. The Defendants, as TNT LIFT SYSTEMS, began manufacturing and selling boat lifting

devices referred to as TNT lifts or TNT LIFT SYSTEMS. At the time the Defendants adopted the

TNT and TNT LIFT SYSTEMS marks, they knew that Schmidt's buyer, the third party, was still

actively using Schmidt's TNT mark on boat lifting devices.

11.     In 2005, Schmidt alleged that the Defendants infringed the '606 patent. Schmidt enforced

the '606 patent by bringing suit for patent infringement against the Defendants before this court in

*Schmidt v. Versacomp, et al.*, Case No. 05-61593-CIV-JORDAN ("Schmidt I"). Schmidt I was

resolved by settlement agreement. Exhibit A. The court retained jurisdiction to enforce the terms

3

of the settlement agreement. Exhibit B.

12.     In March, 2006, Schmidt recommenced his business under his original TNT MARINE ENTERPRISES, INC. name and began again to manufacture and sell boat lifting devices under his TNT mark, including boat lifts incorporating one or more of the claims of the '606 patent.

13.     On December 5, 2007, Schmidt became owner, by assignment, of the federal trademark registration TNT, for vehicle lifts, U.S. Reg. No. 0818635. The first use in commerce of the United States of the registered NT mark commenced at least as early as 1965. Exhibit C, attached, is a copy of the TNT federal certificate of trademark registration. The assignment, Exhibit D, of the federal TNT trademark registration to Schmidt includes the right of Schmidt to sue for past infringements.

14.     U.S. Reg. No. 0818635 is valid, subsisting, and incontestible.

15.     On December 27, 2007, Schmidt gave the Defendants notice of his prior, superior rights to the trademark TNT for vehicle lifts, including boat lifts, and requested that they cease and desist from infringing his trademark rights. The Defendants have refused to cease and desist their infringing conduct, and they continue to manufacture and sell boat lifting devices under the marks TNT and TNT LIFT SYSTEMS.

16.     On March 7, 2007, VERSACOMP filed a United States trademark/service mark application before the United States Patent and Trademark Office ("PTO") for the mark TNT, U.S. Serial. No. 77124511. Exhibit E. The application was signed by ULRICH, in which ULRICH, on behalf of VERSACOMP, falsely declared that VERSACOMP first used the TNT mark on January 1, 1989 for:

> Transom lifts and parts therefor; hydraulic tenders/transom lifts for marine vessels, boats and personal watercrafts; lifts and platforms secured to a transom of a marine vessel, boat or personal watercraft; transom platforms and parts therefor; swim platforms and parts therefor; installation, repair and maintenance of transom lifts and platforms.

4

The PTO refused the Defendants' application to register the TNT mark for boat lifts as it concluded that there was a likelihood of confusion between the applied for TNT mark, and Schmidt's registered TNT trademark, U.S. Reg. No. 0818635. Exhibit F.

17.     On March 7, 2007, VERSACOMP filed a United States trademark/service mark application before the PTO for the mark TNT LIFT SYSTEMS, U.S. Serial. No. 77124487. Exhibit G. The application was signed by ULRICH, and claims the following:

> Transom lifts and parts therefor; hydraulic tenders/transom lifts for marine vessels, boats and personal watercrafts; lifts and platforms secured to a transom of a marine vessel, boat or personal watercraft; transom platforms and parts therefor; swim platforms and parts therefor; installation, repair and maintenance of transom lifts and platforms.

The PTO refused the Defendants' application to register the TNT LIFT SYSTEMS mark for boat lifts as it concluded that there was a likelihood of confusion between the applied for TNT LIFT SYSTEMS trademark, and Schmidt's registered TNT trademark, U.S. Reg. No. 0818635. Exhibit H.

18.     The Defendants' use of TNT and TNT LIFT SYSTEMS for the goods and services identified in its PTO applications constitutes the use in commerce of a colorable imitation, copy and reproduction of Schmidt's TNT mark. Upon information and belief, the Defendants' TNT and TNT LIFT SYSTEMS marks share an identical sight and sound, and a strong similarity of meaning with Schmidt's TNT registered trademark. The Defendant's use of TNT and TNT LIFT SYSTEMS for boat lifting devices and parts and service therefore is deceptively and confusingly similar to Schmidt's long-standing TNT trademark for vehicle lifts.

19.     The Defendants' boat lifts are being distributed and sold in the same types of commercial channels and to the same class of purchasers as Schmidt's boat lifts.

20.     The Defendants' use of TNT and TNT LIFT SYSTEMS is likely to cause confusion, mistake, or deception in the minds of the public in that consumers will believe that there is some association with, relationship or connection to Schmidt where there is none.

21.     The Defendants' infringement constitutes a willful and malicious violation of Schmidt's trademark rights, aimed at preventing Schmidt from continuing to build a business around a mark TNT that he owns, and originated in the marine industry.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT UNDER LANHAM ACT § 32

22.     Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of Paragraphs 1 through 21.

23.     The Defendants' use of the TNT and TNT LIFT SYSTEMS marks comprises an infringement of Schmidt's registered trademark TNT and is likely to cause confusion, mistake and deception of the public as to the identity and origin of Schmidt's goods and services, causing irreparable harm to Schmidt for which there is no adequate remedy at law.

24.     By reason of the foregoing acts, the Defendants are liable to Schmidt for trademark infringement under 15 U.S.C. § 1114.

## COUNT II

### FALSE DESIGNATION OF ORIGIN UNDER LANHAM ACT § 43

25.     Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of Paragraphs 1 through 21.

26.     The Defendants' conduct utilizing the designation TNT and TNT LIFT SYSTEMS constitutes a false designation of origin, and/or a false or misleading description of fact, and/or a

6

false or misleading representation of fact that is likely to cause confusion, cause mistake or to deceive as to the affiliation, connection, or association of the Defendants with the Plaintiff or as to the origin, sponsorship, or approval of the Defendants' goods and/or services or commercial activities of the Plaintiff.

27.     By reason of the foregoing acts, the Defendants are liable to Schmidt under 15 U.S.C. § 1125(a).

## COUNT III

### COMMON LAW UNFAIR COMPETITION

28.     Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of Paragraphs 1 through 21.

29.     The aforesaid conduct of the Defendants has been willful, wanton, and malicious supportive of Plaintiff's claim for punitive damages, which is specifically pled herein.

30.     By reason of the foregoing acts, the Defendants are liable to Schmidt for common law unfair competition under the laws of the state of Florida.

## COUNT IV

### BREACH OF SETTLEMENT AGREEMENT

31.     Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of Paragraphs 1 through 21.

32.     In the settlement agreement reached in Schmidt I, Exhibit A, the Defendants agreed to pay Schmidt $50,000 for past infringement of the '606 patent. The Defendants further agreed not to infringe the '606 patent in the future, provided that if Defendants made, used, offered to sell, or sold boat lifts incorporating the '606 patented invention to Bullware Yachts or Nordic Tug, the

Defendants would be obligated to pay Schmidt a license fee per boat lift. If the license fee was not paid timely, Schmidt would be entitled to a judgment against the Defendants in Schmidt I for $80,400 less the $50,000 payment made by the Defendants to Schmidt.

33.     Upon information and belief, the Defendants intentionally and willfully replaced, made, used, offered for sale or sold a boat lift infringing the '606 patent subsequent to the date of the settlement agreement in Schmidt I, did not timely pay to Schmidt any license fee, and will continue to infringe unless enjoined by this court.

34.     By reason of the foregoing acts, the Defendants are in breach of the settlement agreement in Schmidt I.

## COUNT V

### CANCELLATION OF FLORIDA STATE TRADEMARK/SERVICE MARK REGISTRATIONS

35.     Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of Paragraphs 1 through 21.

36.     The Defendants sought to and did apply to register Plaintiff's TNT mark, claiming it as their own, for the following goods/services: Installation, repair and maintenance of transom lifts & platforms, transom lifts and parts thereof, hydraulic tenders/transom lifts, etc., with the Florida Department of State.

37.     In their application, the Defendants falsely or fraudulently declared or represented to the Florida Department of State that they first used the TNT mark for the stated goods/services anywhere on January 1, 1989, and first used the TNT mark in Florida on January 1, 1989.

38.     Based upon the Defendants' false or fraudulent declarations or representations, on March 12,

8

2007, the Florida Department of State issued to Defendant Versacomp, Inc. a certificate of trademark/service mark registration, Reg. No. T07000000345 ("the '345 registration") for the mark TNT.

39.    The Defendants are not the owners of the TNT mark.

40.    The '345 registration was granted improperly.

41.    The '345 registered TNT mark is so similar, as to be likely to cause confusion or mistake or to deceive, to Schmidt's federally registered TNT mark, U.S. Reg. No. 0818635, which was registered prior to the date of filing of the application for state registration by the Defendants, and which has not been abandoned.

42.    By reason of the foregoing act regarding the application for the '345 registration, the Defendants are liable to Schmidt for punitive or exemplary damages pursuant to Fla. Stat. §495.121.

43.    The Defendants sought to and did apply to register Plaintiff's TNT mark, in the form of TNT LIFT SYSTEMS, claiming it as their own, for the following goods/services: Installation, repair and maintenance of transom lifts & platforms, transom lifts and parts thereof, hydraulic tenders/transom lifts, etc., with the Florida Department of State.

44.    On March 12, 2007, the Florida Department of State issued to Defendant Versacomp, Inc. a certificate of trademark/service mark registration, Reg. No. T07000000346 ("the '346 registration") for the mark TNT LIFT SYSTEMS.

45.    The Defendants are not the owners of the TNT LIFT SYSTEMS mark.

46.    The '346 registration was granted improperly.

47.    The '346 registered TNT LIFT SYSTEMS mark is so similar, as to be likely to cause confusion or mistake or to deceive, to Schmidt's federally registered TNT mark, U.S. Reg. No.

0818635, which was registered prior to the date of filing of the application for state registration by the Defendants, and which has not been abandoned.

WHEREFORE, Plaintiff prays:

1. That Defendants, their agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from each of them, be preliminarily and permanently enjoined from:(a) using Schmidt's TNT mark depicted in Exhibit C, or any colorable imitation thereof; (b) using any trademark or service mark that imitates or is confusingly similar to or in anyway similar to Schmidt's TNT mark, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Schmidt's products or services, or their connectedness to Defendants; and (c) from directly or indirectly infringing the '606 patent.

2. That Defendants be required to file with the court and serve on Schmidt within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Injunction;

3. That, pursuant to 15 U.S.C. § 1117, Defendants be held liable for all damages suffered by Schmidt resulting from the acts alleged herein;

4. That, pursuant to 15 U.S.C. § 1117, Defendants be compelled to account to Schmidt for any and all profits derived by them from their illegal acts complained of herein;

5. That the Defendants be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Defendants bearing a trademark found to infringe Schmidt's TNT trademark rights, as well as all plates, matrices, and other means

10

of making the same;

6.      That the court declare this to be an exceptional case and award Schmidt his full costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

7.      That the court cancel the Florida Department of State certificates of registration, the '345 registration and the '346 registration, pursuant to Fla. Stat. §495.101;

8.      That the court award to Schmidt punitive damages pursuant to Fla. Stat. §495.121;

9.      That the court award to Schmidt pre and post judgment interest;

10.     That the court grant Cisco any other remedy to which Schmidt may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law;

11.     That all structures, CAD programs, jigs, fixtures, templates, including replacement parts, incorporating Schmidt's invention under the '606 patent made, used, offered for sale, or sold be offered up to Schmidt, destroyed or modified so as to effectively terminate the unauthorized use of Schmidt's invention in violation of the '606 patent or breach of the Schmidt I settlement agreement;

12.     That the court award to Schmidt treble damages, costs and attorney fees for the settlement agreement breach;

13.     That the court award to Schmidt all gross profits realized by the Defendants as result of the settlement agreement breach; and,

14.     That the court award such and other further relief that it deems just and proper.

11

Respectfully submitted,

Dated: _____

RICHARD S. ROSS, ESQ.
Attorney for Plaintiff Anthony P. Schmidt, Jr.
Fla. Bar No. 436630
Atrium Centre
4801 South University Drive
Suite 237
Ft. Lauderdale, Florida 33328
Tel 954/252-9110
Fax 954/252-9192
E mail: prodp@ix.netcom.com

12

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 05-61593-CIV-JORDAN/TORRES

ANTHONY P. SCHMIDT, JR.,

      Plaintiff,

vs.

VERSACOMP, INC., d/b/a TNT LIFT
SYSTEMS, a Florida corporation,
and; RICHARD ULRICH,

      Defendants.
_____/

## STIPULATION OF DISMISSAL WITH PREJUDICE

      In accordance with Federal Rule of Civil Procedure 41, Plaintiff ANTHONY P.

SCHMIDT, JR., and Defendants VERSACOMP, INC. and RICHARD ULRICH, (together "the

parties"), by and through their undersigned counsel, hereby give notice to the Court that they have

agreed to dismiss all claims pending in this case, with prejudice, based upon the attached written

Memorandum of Settlement agreement. The parties request the Court to retain jurisdiction over the

parties and subject matter in order to enforce the terms of the Memorandum of Settlement. Each of

the parties shall bear its own costs and attorney fees.

Respectfully submitted,


RICHARD S. ROSS, ESQ.
Attorney for Plaintiff
  Anthony P. Schmidt, Jr.
Fla. Bar No. 436630
Atrium Centre
4801 S. University Drive, Suite 237
Ft. Lauderdale, Florida 33328
Tel (954) 252-9110
Fax (954) 252-9192
E mail: prodp@ix.netcom.com

Date: 9/13/06


Val L. Osinski, Esq.
THE LAW OFFICES OF VAL L. OSINSKI, P.A.
Attorneys for Defendants
  Versacomp, Inc. and Richard Ulrich
9600 W. Sample Road, Suite 401
Coral Springs, Florida 33065

Date: 9/12/06

2

UNITED STATES DISTRICT COURT

_SOUTHERN_ DISTRICT OF FLORIDA

CASE NUMBER: _05 - 61593 CIV-JORDAN/KLEI_

ANTHONY P. SCHMIDT, JR )

PLAINTIFF )

)

U.S )

Vershamp Inc. d/b/a Int'l Lift )

Systems, A FLA Corp. )

And Richard Ulrich )

### MEMORANDUM OF SETTLEMENT

THIS CAUSE, having been submitted to mediation before

ARTHUR B. PARKHURST, Mediator, upon Order of the above-styled

Court and/or stipulation between the parties, it is hereby

stipulated and agreed between said parties that settlement has

been reached as follows:

(1) Vershamp, Inc. SHALL PAY $50,000.°° TO SCHMIDT

FOR FULL AND complete SETTLEMENT; PAYABLE

As Follows:

    (a) $30,000 on or before Oct 7 2006

    (b) $5000.00 per Month for 4 consecutive

    Months Beginning on or before Jan 7, 2007.

(2)

(2) Vershamp shall NOT infringe on US pat # 5,344,606

but shall have A limited License to

MAKE, USE or sell A stainless steel Bar

Lift under THE "606" patent to

BRUWAKER chairlifts And Nordic Tug only.

(1)

Provide Schmidt Bearings $1200 / lift within 30 days of receipt of order by bluewater or nordic. If in the event versacarr fails to pay the above fee the lifts being w/o payment shall be deemed to be infringing and limited license automatically terminates.

(3) Schmidt shall return Versacarr's business records to Versacarr within 7 days.

(4) Schmidt shall not utilize discovery documents produced by Versacarr in litigation to solicit Versacarr customers in the future.

[5] ~~Pursuant to ¶1 and 2~~

(5) If Versacarr fails to make payment (100%) under Schmidt shall with notice be entitled to a judgement of ~~$150,000.00~~ less payments defined by Versacarr under paragraphs 1 and 2. Judgement shall be heard

Dated this _____ day of _____, _____, at

_____        _____
Counsel for Plaintiff                      Counsel for Defendant

_____        _____
Plaintiff(s)                               Defendant(s)

(2)

ALL Defendants, jointly & Severally,

(6) Parties shall execute a joint dismissal with prejudice except reservation of jurisdiction to enforce this Settlement Agreement, each party to bear its costs and attorney fees.

Dated this _____ day of _____, _____, at

_____          _____
Counsel for Plaintiff              Counsel for Defendant

_____          _____
Plaintiff(s)                       Defendant(s)

(3)

# EXHIBIT B

FILED by _____ D.C.

SEP __ 2006

CLARENCE _____
CLERK U.S. _____
S.D. OF FL. _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 05-61593-CIV-JORDAN

ANTHONY SCHMIDT, JR.,               )
                Plaintiffs          )
                                    )      **CLOSED**
vs.                                 )      **CIVIL**
                                    )      **CASE**
VERASCOMP, INC., d/b/a TNT LIFT,    )
                Defendants          )
                                    )

### ORDER OF DISMISSAL WITH PREJUDICE

In light of the parties' stipulation of dismissal with prejudice [filed September 18, 2006], this case is DISMISSED. Any pending motions are hereby rendered moot. The parties shall bear their own costs and attorney's fees. I will retain jurisdiction to enforce the settlement agreement that was filed in conjunction with the parties' stipulation.

DONE and ORDERED in chambers in Miami, Florida, this 20th day of September, 2006.

_____
Adalberto Jordan
United States District Judge

Copy to:      All counsel of record

# EXHIBIT C

# United States Patent Office

818,635
Registered Nov. 15, 1966

## PRINCIPAL REGISTER
### Trademark

Ser. No. 236,989, filed Jan. 21, 1966

## TNT

Gray Manufacturing Company, Inc. (Missouri corporation)
1316 Frederick Ave.
St. Joseph, Mo.

For: VEHICLE LIFTS, in CLASS 23.
First use May 20, 1965; in commerce May 20, 1965.

**EXHIBIT D**

## ASSIGNMENT

WHEREAS, GRAY MANUFACTURING COMPANY, INC., a corporation organized and existing under the laws of the state of Missouri, having a principal place of business address located at St. Joseph, Missouri, which owns and is the named registrant of the following United States trademark registration, exclusively controls the use of the mark identified in the said trademark registration, and has continuously used the said mark in commerce of the United States since 1965 without abandonment:

| Mark: | Serial No. | Filing Date | Reg. No. | Reg. Date |
|---|---|---|---|---|
| TNT | 72/236989 | 1/21/1966 | 0818635 | 11/15/1966 |

and;

WHEREAS, ANTHONY P. SCHMIDT, JR, a resident of the state of Michigan, having a mailing address located at 1434 Autumn Trail, West Branch, Michigan 48661, is desirous of acquiring full past, present and future rights in and to said trademark registration and said trademark, including all the good will associated therewith, and further including the right to sue for past infringements thereof;

NOW, THEREFORE, TO ALL WHOM IT MAY CONCERN, BE IT KNOWN THAT, for five thousand dollars ($5,000.00) and reasonable attorney fees not to exceed two thousand five hundred dollars ($2,500.00), and other good and valuable consideration, receipt of which is hereby acknowledged, the said GRAY MANUFACTURING COMPANY, INC. does hereby agree to sell, assign and transfer its interest in and to the said trademark registration and said trademark, including all the good will associated therewith, and further including the right to sue for past infringements thereof, to ANTHONY P. SCHMIDT, JR.

Date: 12/5/07

Steven W. Schanze, President
GRAY MANUFACTURING COMPANY, INC.

**EXHIBIT E**

| | |
|---|---|
| *TYPE | CORPORATION |
| *STATE/COUNTRY OF INCORPORATION | Florida |

## GOODS AND/OR SERVICES SECTION

| | |
|---|---|
| INTERNATIONAL CLASS | 007 |
| DESCRIPTION | Transom lifts and parts therefor; hydraulic tenders/transom lifts for marine vessels, boats and personal watercrafts; lifts and platforms secured to a transom of a marine vessel, boat or personal watercraft; transom platforms and parts therefor; swim platforms and parts therefor; installation, repair and maintenance of transom lifts and platforms |
| FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 01/01/1989 |
| FIRST USE IN COMMERCE DATE | At least as early as 01/01/1989 |
| SPECIMEN FILE NAME(S) | \\TICRS2\EXPORT12\771\245 \77124511\xml1\APP0003.JP G |
| SPECIMEN DESCRIPTION | LABEL |

## ATTORNEY INFORMATION

| | |
|---|---|
| NAME | DANIEL S. POLLEY |
| ATTORNEY DOCKET NUMBER | 1168.7005 |
| FIRM NAME | DANIEL S. POLLEY, P.A. |
| STREET | 1215 EAST BROWARD BOULEVARD |
| CITY | FORT LAUDERDALE |
| STATE | Florida |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 33301 |
| PHONE | 954-234-2417 |
| FAX | 954-234-2506 |
| EMAIL ADDRESS | betty@danpolley.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## CORRESPONDENCE INFORMATION

| | |
|---|---|
| NAME | DANIEL S. POLLEY |
| FIRM NAME | DANIEL S. POLLEY, P.A. |
| STREET | 1215 EAST BROWARD BOULEVARD |
| CITY | FORT LAUDERDALE |
| STATE | Florida |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 33301 |
| PHONE | 954-234-2417 |
| FAX | 954-234-2506 |
| EMAIL ADDRESS | betty@danpolley.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## FEE INFORMATION

| | |
|---|---|
| NUMBER OF CLASSES | 1 |
| FEE PER CLASS | 325 |
| TOTAL FEE DUE | 325 |

## SIGNATURE INFORMATION

| | |
|---|---|
| SIGNATURE | /richard ulrich/ |
| SIGNATORY'S NAME | Richard Ulrich |
| SIGNATORY'S POSITION | President |
| DATE SIGNED | 03/07/2007 |

## FILING INFORMATION SECTION

| | |
|---|---|
| SUBMIT DATE | Wed Mar 07 14:49:04 EST 2007 |
| TEAS STAMP | USPTO/BAS-74.228.32.191-2 0070307144904080349-77124 511-3708eb3daaaa6831aeada 10dc218148ac3-CC-32-20070 307143353380085 |

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 09/30/2008)

## Trademark/Service Mark Application, Principal Register

### Serial Number: 77124511
### Filing Date: 03/07/2007

## To the Commissioner for Trademarks:

**MARK:** TNT (Standard Characters, see <u>mark</u>)
The literal element of the mark consists of TNT. The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, VERSACOMP, INC., a corporation of Florida, having an address of 4021 N.E. 5TH TERRACE, FORT LAUDERDALE, Florida, United States, 33304, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.

International Class 007:  Transom lifts and parts therefor; hydraulic tenders/transom lifts for marine vessels, boats and personal watercrafts; lifts and platforms secured to a transom of a marine vessel, boat or personal watercraft; transom platforms and parts therefor; swim platforms and parts therefor; installation, repair and maintenance of transom lifts and platforms

Use in Commerce: The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, or the applicant's predecessor in interest used the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended.

In International Class 007, the mark was first used at least as early as 01/01/1989, and first used in commerce at least as early as 01/01/1989, and is now in use in such commerce. The applicant is submitting or will submit one specimen for *each class* showing the mark as used in commerce on or in connection with any item in the class of listed goods and/or services, consisting of a(n) LABEL.
<u>Specimen File</u>1

The applicant hereby appoints DANIEL S. POLLEY of DANIEL S. POLLEY, P.A., 1215 EAST BROWARD BOULEVARD, FORT LAUDERDALE, Florida, United States, 33301 to submit this application on behalf of the applicant. The attorney docket/reference number is 1168.7005.

Correspondence Information: DANIEL S. POLLEY
                            1215 EAST BROWARD BOULEVARD
                            FORT LAUDERDALE, Florida 33301
                            954-234-2417(phone)
                            954-234-2506(fax)
                            betty@danpolley.com (authorized)

A fee payment in the amount of $325 will be submitted with the application, representing payment for 1 class(es).

### Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

Signature: /richard ulrich/   Date Signed: 03/07/2007
Signatory's Name: Richard Ulrich
Signatory's Position: President

RAM Sale Number: 32
RAM Accounting Date: 03/08/2007

Serial Number: 77124511
Internet Transmission Date: Wed Mar 07 14:49:04 EST 2007
TEAS Stamp: USPTO/BAS-74.228.32.191-2007030714490408
0349-77124511-3708eb3daaaa6831aeada10dc2
18148ac3-CC-32-20070307143353380085

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer]
FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- **General trademark information**: *Please e-mail* TrademarkAssistanceCenter@uspto.gov, *or telephone either 571-272-9250 or 1-800-786-9199.*
- **Technical help**: *For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail* TDR@uspto.gov. *If outside of the normal business hours of the USPTO, please e-mail* Electronic Business Support, *or call 1-800-786-9199.*
- **Questions about USPTO programs**: *Please e-mail* USPTO Contact Center (UCC).

**NOTE**: *Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

Document Description: **Application**      Mail / Create Date: **07-Mar-2007**

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 09/30/2008)

# Trademark/Service Mark Application, Principal Register

### Serial Number: 77124511
### Filing Date: 03/07/2007

## The table below presents the data as entered.

| Input Field | Entered |
| --- | --- |
| **SERIAL NUMBER** | 77124511 |
| **MARK INFORMATION** | |
| *MARK | TNT |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | TNT |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | VERSACOMP, INC. |
| *STREET | 4021 N.E. 5TH TERRACE |
| *CITY | FORT LAUDERDALE |
| *STATE (Required for U.S. applicants) | Florida |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. applicants only) | 33304 |
| EMAIL ADDRESS | betty@danpolley.com |
| **LEGAL ENTITY INFORMATION** | |

# EXHIBIT F

TRADEMARK APPLICATION NO. 77124511 - TNT - 1168.7005    http://tmportal.uspto.gov/external/PA_1_0-3L...Window?s...
Case 0:08-cv-60084-KMM    Document 1-1    Entered on FLSD Docket 01/23/2008    Page 33 of 50

| Document Description: **Offc Action Outgoing** | Mail / Create Date: **20-Jun-2007** |

| **To:** | VERSACOMP, INC. (betty@danpolley.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 77124511 - TNT - 1168.7005 |
| **Sent:** | 6/20/2007 9:38:01 AM |
| **Sent As:** | ECOM104@USPTO.GOV |
| **Attachments:** | Attachment - 1 |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**    77/124511

**MARK:** TNT

## *77124511*

**CORRESPONDENT ADDRESS:**
DANIEL S. POLLEY
DANIEL S. POLLEY, P.A.
1215 E BROWARD BLVD
FORT LAUDERDALE, FL 33301-2133

**RESPOND TO THIS ACTION:**
http://www.uspto.gov/teas/eTEASpageD.htm

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/main/trademarks.htm

**APPLICANT:**    VERSACOMP, INC.

**CORRESPONDENT'S
REFERENCE/DOCKET NO:**
1168.7005
**CORRESPONDENT E-MAIL ADDRESS:**
betty@danpolley.com

## OFFICE ACTION

TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS
OFFICE ACTION WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE.

**ISSUE/MAILING DATE:** 6/20/2007

The assigned trademark examining attorney has reviewed the referenced application and has
determined the following:

### Section 2(d) - Likelihood of Confusion Refusal

Registration of the proposed mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 0818635. Trademark Act Section 2(d), 15 U.S.C. §1052(d); TMEP §§1207.01 *et seq.* See the enclosed registration.

A likelihood of confusion determination involves a two-part analysis. First, the marks are compared for similarities in appearance, sound, connotation and commercial impression. *In re E .I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Second, the goods or services are compared to determine whether they are similar or related or whether the activities surrounding their marketing are such that confusion as to origin is likely. *In re National Novice Hockey League, Inc.*, 222 USPQ 638 (TTAB 1984); *In re August Storck KG,* 218 USPQ 823 (TTAB 1983); TMEP §§1207.01 *et seq.*

## Comparison of the Marks

The marks are compared for similarities in sound, appearance, meaning or connotation. *In re E .I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Similarity in any one of these elements may be sufficient to find a likelihood of confusion. *In re White Swan Ltd.*, 8 USPQ2d 1534, 1536 (TTAB 1988); TMEP §1207.01(b).

Applicant's mark is TNT. Registrant's mark is TNT. The marks are identical.

## Comparison of the Goods

The goods of the parties need not be identical or directly competitive to find a likelihood of confusion. Instead, they need only be related in some manner, or the conditions surrounding their marketing be such that they could be encountered by the same purchasers under circumstances that could give rise to the mistaken belief that the goods come from a common source. *On-line Careline Inc. v. America Online Inc.*, 229 F.3d 1080, 56 USPQ2d 1471 (Fed. Cir. 2000); *In re Melville Corp.*, 18 USPQ2d 1386, 1388 (TTAB 1991); *In re Int'l Tel. & Tel. Corp.*, 197 USPQ 910 (TTAB 1978); TMEP §1207.01(a)(i).

Applicant's goods are "Transom lifts and parts therefor; hydraulic tenders/transom lifts for marine vessels, boats and personal watercrafts; lifts and platforms secured to a transom of a marine vessel, boat or personal watercraft; transom platforms and parts therefor; swim platforms and parts therefor; installation, repair and maintenance of transom lifts and platforms."

Registrant's goods are "Vehicle lifts."

Registrant's vehicle lifts could include transom lifts for vehicles in the nature of boats. Likelihood of confusion is determined on the basis of the goods or services as they are identified in the application and the registration. *Hewlett-Packard Co. v. Packard Press Inc.*, 281 F.3d 1261, 62 USPQ2d 1001 (Fed. Cir. 2002); *In re Shell Oil Co.*, 992 F.2d 1204, 26 USPQ2d 1687, 1690 n.4 (Fed. Cir. 1993); *J & J Snack Foods Corp. v. McDonald's Corp.*, 932 F.2d 1460, 18 USPQ2d 1889 (Fed. Cir. 1991); *Octocom Systems Inc. v. Houston Computer Services Inc.*, 918 F.2d 937, 16 USPQ2d 1783 (Fed. Cir. 1990). Since the identification of the registrant's goods and/or services is very broad, it is presumed that the registration encompasses all goods and/or services of the type described, including those in the applicant's more specific identification, that they move in all normal channels of trade and that they

are available to all potential customers. *In re Elbaum,* 211 USPQ 639, 640 (TTAB 1981); *In re Optica International,* 196 USPQ 775 (TTAB 1977); TMEP §1207.01(a)(iii).

Purchasers of applicant's transom lifts could mistakenly assume such goods were produced by registrant, or that applicant and registrant are related in some way. Accordingly, since the marks are confusingly similar and the goods are closely related, there is a likelihood of confusion and registration must be refused under Section 2(d) of the Trademark Act.

Although the trademark examining attorney has refused registration, applicant may respond to the refusal to register by submitting evidence and arguments in support of registration. If applicant chooses to respond to the refusal to register, then applicant must also respond to the following requirements.

## Combined Application

The application identifies goods and/or services that are classified in at least three classes; however, the fees submitted are sufficient for only one class. In a multiple-class application, a fee for each class is required. 37 C.F.R. §2.86(a)(2); TMEP §§810-810.01 and 1403.01.

Therefore, applicant must either: (1) restrict the application to the number of class(es) covered by the fee(s) already paid, or (2) submit the fees for the additional class(es).

If applicant prosecutes this application as a combined, or multiple-class application, then applicant must comply with each of the requirements below for those goods and/or services based on actual use in commerce under Trademark Act Section 1(a):

  (1)  Applicant must list the goods/services by international class with the classes listed in ascending numerical order;

  (2)  Applicant must submit a filing fee for each international class of goods and/or services not covered by the fee already paid (current fee information should be confirmed at http://www.uspto.gov); and

  (3)  For each additional class of goods and/or services, applicant must submit:

  (a)  dates of first use of the mark anywhere and dates of first use of the mark in commerce, or a statement that the dates of use in the initial application apply to that class; the dates of use, both anywhere and in commerce, must be at least as early as the filing date of the application;

  (b)  one specimen showing use of the mark for each class of goods and/or services; the specimen must have been in use in commerce at least as early as the filing date of the application;

  (c)  a statement that "the specimen was in use in commerce on or in connection with the goods and/or services listed in the application at least as early as the filing date of the application;" and

  (d)  verification of the statements in 3(a) and 3(c) in an affidavit or a signed declaration under 37 C.F.R. §2.20. (NOTE: Verification is *not* required where (1) the dates of use for the added

class are stated to be the same as the dates of use specified in the initial application, or (2) the original specimens are acceptable for the added class.)

37 C.F.R. §§2.6, 2.34(a), 2.59, 2.71(c), and 2.86(a); TMEP §§810, 904.09, 1403.01 and 1403.02(c).

**Please note that the specimen(s) of record are acceptable for classes 7 and 12 only.**

### Identification of Goods

The identification of goods is indefinite and must be clarified because it does not specify that the lifts are power operated, and the identification lists goods and services in more than one class. Applicant may adopt one or more of the following identifications, if accurate:

"**Power operated** transom lifts and parts therefor; hydraulic tenders **and hydraulic** transom lifts for marine vessels, boats and personal watercraft" in class 7, and/or

"Platforms secured to a transom of a marine vessel, boat or personal watercraft; transom platforms and parts therefor; swim platforms and parts therefore" in class 12, and/or

"Installation, repair and maintenance of transom lifts and platforms" in class 37.

TMEP §1402.01.

Please note that, while the identification of goods may be amended to clarify or limit the goods, adding to the goods or broadening the scope of the goods is not permitted. 37 C.F.R. §2.71(a); TMEP §1402.06. Therefore, applicant may not amend the identification to include goods that are not within the scope of the goods set forth in the present identification.

If applicant has questions about its application or needs assistance in responding to this Office action, please telephone the assigned trademark examining attorney directly at the number below.

/John M. Wilke/
Examining Attorney
Law Office 104
571-272-5871
571-273-5871 fax

**RESPOND TO THIS ACTION:** If there are any questions about the Office action, please contact the assigned examining attorney. A response to this Office Action should be filed using the Office's Response to Office action form available at http://www.uspto.gov/teas/eTEASpageD.htm. If notification of this Office action was received via e-mail, no response using this form may be filed for 72 hours after receipt of the notification. **Do not attempt to respond by e-mail as the USPTO does not accept e-mailed responses**.

If responding by paper mail, please include the following information: the application serial number, the mark, the filing date and the name, title/position, telephone number and e-mail address of the person signing the response. Please use the following address: Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451.

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer]
FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- **General trademark information**: Please e-mail TrademarkAssistanceCenter@uspto.gov, or telephone either 571-272-9250 or 1-800-786-9199.
- **Technical help**: For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail TDR@uspto.gov. If outside of the normal business hours of the USPTO, please e-mail Electronic Business Support, or call 1-800-786-9199.
- **Questions about USPTO programs**: Please e-mail USPTO Contact Center (UCC).

**NOTE**: Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.

# EXHIBIT G

Document Description: **Application**      Mail / Create Date: **07-Mar-2007**

| Previous Page | Next Page | You are currently on page 1 of 3 | ■ |

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 09/30/2008)

# Trademark/Service Mark Application, Principal Register

### Serial Number: 77124487
### Filing Date: 03/07/2007

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 77124487 |
| **MARK INFORMATION** | |
| *MARK | TNT LIFT SYSTEMS |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | TNT LIFT SYSTEMS |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | VERSACOMP, INC. |
| *STREET | 4021 N.E. 5TH TERRACE |
| *CITY | FORT LAUDERDALE |
| *STATE (Required for U.S. applicants) | Florida |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. applicants only) | 33304 |
| EMAIL ADDRESS | betty@danpolley.com |
| **LEGAL ENTITY INFORMATION** | |

| | |
|---|---|
| *TYPE | CORPORATION |
| *STATE/COUNTRY OF INCORPORATION | Florida |

## GOODS AND/OR SERVICES SECTION

| | |
|---|---|
| INTERNATIONAL CLASS | 007 |
| DESCRIPTION | Transom lifts and parts therefor; hydraulic tenders/transom lifts for marine vessels, boats and personal watercrafts; lifts and platforms secured to a transom of a marine vessel, boat or personal watercraft; transom platforms and parts therefor; swim platforms and parts therefor; installation, repair and maintenance of transom lifts and platforms |
| FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 11/29/2001 |
| FIRST USE IN COMMERCE DATE | At least as early as 11/29/2001 |
| SPECIMEN FILE NAME(S) | \\TICRS2\EXPORT12\771\244 \77124487\xml1\APP0003.JP G |
| SPECIMEN DESCRIPTION | LABEL |

## ATTORNEY INFORMATION

| | |
|---|---|
| NAME | DANIEL S. POLLEY, ESQ. |
| ATTORNEY DOCKET NUMBER | 1168.7006 |
| FIRM NAME | DANIEL S. POLLEY, P.A. |
| STREET | 1215 EAST BROWARD BOULEVARD |
| CITY | FORT LAUDERDALE |
| STATE | Florida |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 33301 |
| PHONE | 954-234-2417 |
| FAX | 954-234-2506 |
| EMAIL ADDRESS | betty@danpolley.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## CORRESPONDENCE INFORMATION

| | |
|---|---|
| NAME | DANIEL S. POLLEY, ESQ. |
| FIRM NAME | DANIEL S. POLLEY, P.A. |
| STREET | 1215 EAST BROWARD BOULEVARD |
| CITY | FORT LAUDERDALE |
| STATE | Florida |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 33301 |
| PHONE | 954-234-2417 |
| FAX | 954-234-2506 |
| EMAIL ADDRESS | betty@danpolley.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## FEE INFORMATION

| | |
|---|---|
| NUMBER OF CLASSES | 1 |
| FEE PER CLASS | 325 |
| TOTAL FEE DUE | 325 |

## SIGNATURE INFORMATION

| | |
|---|---|
| SIGNATURE | /richard ulrich/ |
| SIGNATORY'S NAME | Richard Ulrich |
| SIGNATORY'S POSITION | President |
| DATE SIGNED | 03/07/2007 |

## FILING INFORMATION SECTION

| | |
|---|---|
| SUBMIT DATE | Wed Mar 07 14:30:07 EST 2007 |
| TEAS STAMP | USPTO/BAS-74.228.32.191-2 0070307143007145679-77124 487-370d1a7e5c1eb2d5117a1 dbf020393c13cb-CC-2197-20 070307140631860382 |

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 09/30/2008)

## Trademark/Service Mark Application, Principal Register

### Serial Number: 77124487
### Filing Date: 03/07/2007

## To the Commissioner for Trademarks:

**MARK:** TNT LIFT SYSTEMS (Standard Characters, see <u>mark</u>)
The literal element of the mark consists of TNT LIFT SYSTEMS. The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, VERSACOMP, INC., a corporation of Florida, having an address of 4021 N.E. 5TH TERRACE, FORT LAUDERDALE, Florida, United States, 33304, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.

    International Class 007:   Transom lifts and parts therefor; hydraulic tenders/transom lifts for marine vessels, boats and personal watercrafts; lifts and platforms secured to a transom of a marine vessel, boat or personal watercraft; transom platforms and parts therefor; swim platforms and parts therefor; installation, repair and maintenance of transom lifts and platforms

Use in Commerce: The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, or the applicant's predecessor in interest used the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended.

In International Class 007, the mark was first used at least as early as 11/29/2001, and first used in commerce at least as early as 11/29/2001, and is now in use in such commerce. The applicant is submitting or will submit one specimen for *each class* showing the mark as used in commerce on or in connection with any item in the class of listed goods and/or services, consisting of a(n) LABEL.
<u>Specimen File</u>1

The applicant hereby appoints DANIEL S. POLLEY, ESQ. of DANIEL S. POLLEY, P.A., 1215 EAST BROWARD BOULEVARD, FORT LAUDERDALE, Florida, United States, 33301 to submit this application on behalf of the applicant. The attorney docket/reference number is 1168.7006.

Correspondence Information: DANIEL S. POLLEY, ESQ.
                                 1215 EAST BROWARD BOULEVARD
                                 FORT LAUDERDALE, Florida 33301
                                 954-234-2417(phone)
                                 954-234-2506(fax)
                                 betty@danpolley.com (authorized)

A fee payment in the amount of $325 will be submitted with the application, representing payment for 1 class(es).

### Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.


Signature: /richard ulrich/   Date Signed: 03/07/2007
Signatory's Name: Richard Ulrich
Signatory's Position: President


RAM Sale Number: 2197
RAM Accounting Date: 03/07/2007

Serial Number: 77124487
Internet Transmission Date: Wed Mar 07 14:30:07 EST 2007
TEAS Stamp: USPTO/BAS-74.228.32.191-2007030714300714
5679-77124487-370d1a7e5c1eb2d5117a1dbf02
0393c13cb-CC-2197-2007030714063186038

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page.
[required PDF viewer]
FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- **General trademark information**: *Please e-mail TrademarkAssistanceCenter@uspto.gov, or telephone either 571-272-9250 or 1-800-786-9199.*
- **Technical help**: *For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail TDR@uspto.gov. If outside of the normal business hours of the USPTO, please e-mail Electronic Business Support, or call 1-800-786-9199.*
- **Questions about USPTO programs**: *Please e-mail USPTO Contact Center (UCC).*


**NOTE**: *Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

# EXHIBIT H

Document Description: **Offc Action Outgoing**    Mail / Create Date: **20-Jun-2007**

| Previous Page | Next Page | You are currently on page 1 of 3 | ■ |

**To:**          VERSACOMP, INC. (betty@danpolley.com)

**Subject:**     TRADEMARK APPLICATION NO. 77124487 - TNT LIFT SYSTEMS
                 - 1168.7006

**Sent:**        6/20/2007 9:37:30 AM

**Sent As:**     ECOM104@USPTO.GOV

**Attachments:** Attachment - 1

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**    77/124487

**MARK:** TNT LIFT SYSTEMS

**\*77124487\***

**CORRESPONDENT ADDRESS:**
    DANIEL S. POLLEY, ESQ.
    DANIEL S. POLLEY, P.A.
    1215 E BROWARD BLVD
    FORT LAUDERDALE, FL 33301-2133

**RESPOND TO THIS ACTION:**
**http://www.uspto.gov/teas/eTEASpageD.htm**

**GENERAL TRADEMARK INFORMATION:**
**http://www.uspto.gov/main/trademarks.htm**
-

**APPLICANT:**      VERSACOMP, INC.

**CORRESPONDENT'S
REFERENCE/DOCKET NO:**
    1168.7006
    **CORRESPONDENT E-MAIL ADDRESS:**
    betty@danpolley.com

## OFFICE ACTION

TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS
OFFICE ACTION WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE.

**ISSUE/MAILING DATE: 6/20/2007**

The assigned trademark examining attorney has reviewed the referenced application and has
determined the following:

**Section 2(d) - Likelihood of Confusion Refusal**

Registration of the proposed mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 0818635. Trademark Act Section 2(d), 15 U.S.C. §1052(d); TMEP §§1207.01 *et seq*. See the enclosed registration.

A likelihood of confusion determination involves a two-part analysis. First, the marks are compared for similarities in appearance, sound, connotation and commercial impression. *In re E .I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Second, the goods or services are compared to determine whether they are similar or related or whether the activities surrounding their marketing are such that confusion as to origin is likely. *In re National Novice Hockey League, Inc.*, 222 USPQ 638 (TTAB 1984); *In re August Storck KG,* 218 USPQ 823 (TTAB 1983); TMEP §§1207.01 *et seq.*

## Comparison of the Marks

The marks are compared for similarities in sound, appearance, meaning or connotation. *In re E .I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Similarity in any one of these elements may be sufficient to find a likelihood of confusion. *In re White Swan Ltd.*, 8 USPQ2d 1534, 1536 (TTAB 1988); TMEP §1207.01(b).

Applicant's mark is TNT LIFT SYSTEMS. Registrant's mark is TNT. Applicant is required to disclaim the descriptive wording "lift systems" apart from the mark. Disclaimed matter is typically less significant or less dominant when comparing marks. Although a disclaimed portion of a mark certainly cannot be ignored, and the marks must be compared in their entireties, one feature of a mark may be more significant in creating a commercial impression. *In re Dixie Restaurants Inc.*, 105 F.3d 1405, 41 USPQ2d 1531 (Fed. Cir. 1997); *In re National Data Corporation*, 753 F.2d 1056, 224 USPQ 749 (Fed. Cir. 1985); and *In re Appetito Provisions Co. Inc.*, 3 USPQ2d 1553 (TTAB 1987). The dominant portion of applicant's mark is TNT, which is identical to the cited registration. Since the dominant portion of applicant's mark is the same as the cited registration, the marks create similar commercial impressions.

## Comparison of the Goods

The goods of the parties need not be identical or directly competitive to find a likelihood of confusion. Instead, they need only be related in some manner, or the conditions surrounding their marketing be such that they could be encountered by the same purchasers under circumstances that could give rise to the mistaken belief that the goods come from a common source. *On-line Careline Inc. v. America Online Inc.*, 229 F.3d 1080, 56 USPQ2d 1471 (Fed. Cir. 2000); *In re Melville Corp.*, 18 USPQ2d 1386, 1388 (TTAB 1991); *In re Int'l Tel. & Tel. Corp.*, 197 USPQ 910 (TTAB 1978); TMEP §1207.01(a)(i).

Applicant's goods are "Transom lifts and parts therefor; hydraulic tenders/transom lifts for marine vessels, boats and personal watercrafts; lifts and platforms secured to a transom of a marine vessel, boat or personal watercraft; transom platforms and parts therefor; swim platforms and parts therefor; installation, repair and maintenance of transom lifts and platforms."

Registrant's goods are "Vehicle lifts."

Registrant's vehicle lifts could include transom lifts for vehicles in the nature of boats. Likelihood of confusion is determined on the basis of the goods or services as they are identified in the application and the registration. *Hewlett-Packard Co. v. Packard Press Inc.*, 281 F.3d 1261, 62 USPQ2d 1001 (Fed. Cir. 2002); *In re Shell Oil Co.*, 992 F.2d 1204, 26 USPQ2d 1687, 1690 n.4 (Fed. Cir. 1993); *J & J Snack Foods Corp. v. McDonald's Corp.*, 932 F.2d 1460, 18 USPQ2d 1889 (Fed. Cir. 1991); *Octocom Systems Inc. v. Houston Computer Services Inc.*, 918 F.2d 937, 16 USPQ2d 1783 (Fed. Cir. 1990). Since the identification of the registrant's goods and/or services is very broad, it is presumed that the registration encompasses all goods and/or services of the type described, including those in the applicant's more specific identification, that they move in all normal channels of trade and that they are available to all potential customers. *In re Elbaum*, 211 USPQ 639, 640 (TTAB 1981); *In re Optica International*, 196 USPQ 775 (TTAB 1977); TMEP §1207.01(a)(iii).

Purchasers of applicant's transom lifts could mistakenly assume such goods were produced by registrant, or that applicant and registrant are related in some way. Accordingly, since the marks are confusingly similar and the goods are closely related, there is a likelihood of confusion and registration must be refused under Section 2(d) of the Trademark Act.

Although the trademark examining attorney has refused registration, applicant may respond to the refusal to register by submitting evidence and arguments in support of registration. If applicant chooses to respond to the refusal to register, then applicant must also respond to the following requirements.

## **Combined Application**

The application identifies goods and/or services that are classified in at least <u>three</u> classes; however, the fees submitted are sufficient for only <u>one</u> class. In a multiple-class application, a fee for each class is required. 37 C.F.R. §2.86(a)(2); TMEP §§810-810.01 and 1403.01.

Therefore, applicant must either: (1) restrict the application to the number of class(es) covered by the fee(s) already paid, or (2) submit the fees for the additional class(es).

If applicant prosecutes this application as a combined, or multiple-class application, then applicant must comply with each of the requirements below for those goods and/or services based on actual use in commerce under Trademark Act Section 1(a):

(1) Applicant must <u>list the goods/services by international class</u> with the classes listed in ascending numerical order;

(2) Applicant must submit a filing <u>fee</u> for each international class of goods and/or services not covered by the fee already paid (current fee information should be confirmed at http://www.uspto.gov); and

(3) For each additional class of goods and/or services, applicant must submit:

(a) <u>dates</u> of first use of the mark anywhere and dates of first use of the mark in commerce, or a statement that the dates of use in the initial application apply to that class; the dates of use, both anywhere and in commerce, must be at least as early as the filing date of the application;

(b) one <u>specimen</u> showing use of the mark for each class of goods and/or services; the specimen must have been in use in commerce at least as early as the filing date of the application;

(c) a <u>statement</u> that "the specimen was in use in commerce on or in connection with the goods and/or services listed in the application at least as early as the filing date of the application;" and

(d) <u>verification</u> of the statements in 3(a) and 3(c) in an affidavit or a signed declaration under 37 C.F.R. §2.20. (NOTE: Verification is *not* required where (1) the dates of use for the added class are stated to be the same as the dates of use specified in the initial application, or (2) the original specimens are acceptable for the added class.)

37 C.F.R. §§2.6, 2.34(a), 2.59, 2.71(c), and 2.86(a); TMEP §§810, 904.09, 1403.01 and 1403.02(c).

**Please note that the specimen(s) of record are acceptable for class(es) 7 and 12 only.**

## <u>Identification of Goods</u>

The identification of goods is indefinite and must be clarified because it does not specify that the lifts are power operated, and the identification lists goods and services in more than one class. Applicant may adopt one or more of the following identifications, if accurate:

"**Power operated** transom lifts and parts therefor; hydraulic tenders **and hydraulic** transom lifts for marine vessels, boats and personal watercraft" in class 7, and/or

"Platforms secured to a transom of a marine vessel, boat or personal watercraft; transom platforms and parts therefor; swim platforms and parts therefore" in class 12, and/or

"Installation, repair and maintenance of transom lifts and platforms" in class 37.

TMEP §1402.01.

Please note that, while the identification of goods may be amended to clarify or limit the goods, adding to the goods or broadening the scope of the goods is not permitted. 37 C.F.R. §2.71(a); TMEP §1402.06. Therefore, applicant may not amend the identification to include goods that are not within the scope of the goods set forth in the present identification.

## <u>Disclaimers</u>

Applicant must disclaim the descriptive wording "LIFT SYSTEMS" apart from the mark as shown because it merely describes the nature of applicant's goods, i.e. lift systems. Trademark Act Section 6, 15 U.S.C. §1056; TMEP §§1213 and 1213.03(a).

The computerized printing format for the Office's *Trademark Official Gazette* requires a standardized format for a disclaimer. TMEP §1213.08(a)(i). The following is the standard format used by the Office:

No claim is made to the exclusive right to use "LIFT SYSTEMS" apart from the mark as shown.

*See In re Owatonna Tool Co.*, 231 USPQ 493 (Comm'r Pats. 1983).

If applicant has questions about its application or needs assistance in responding to this Office action, please telephone the assigned trademark examining attorney directly at the number below.

/John M. Wilke/
Examining Attorney
Law Office 104
571-272-5871
571-273-5871 fax

**RESPOND TO THIS ACTION:** If there are any questions about the Office action, please contact the assigned examining attorney. A response to this Office Action should be filed using the Office's Response to Office action form available at http://www.uspto.gov/teas/eTEASpageD.htm. If notification of this Office action was received via e-mail, no response using this form may be filed for 72 hours after receipt of the notification. **Do not attempt to respond by e-mail as the USPTO does not accept e-mailed responses.**

If responding by paper mail, please include the following information: the application serial number, the mark, the filing date and the name, title/position, telephone number and e-mail address of the person signing the response. Please use the following address: Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451.

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer]
FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- **General trademark information**: *Please e-mail* <u>TrademarkAssistanceCenter@uspto.gov</u>, *or telephone either 571-272-9250 or 1-800-786-9199.*
- **Technical help**: *For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail* <u>TDR@uspto.gov</u>. *If outside of the normal business hours of the USPTO, please e-mail* <u>Electronic Business Support</u>, *or call 1-800-786-9199.*
- **Questions about USPTO programs**: *Please e-mail* <u>USPTO Contact Center (UCC)</u>.

**NOTE**: *Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

JS 44 (Rev. 11/05)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS

ANTHONY P. SCHMIDT, JR.

**08 - 60084**

### DEFENDANTS

VERSACOMP, INC. d/b/a TNT LIFT SYSTEMS; RICHARD ULRICH

**(b)** County of Residence of First Listed Plaintiff   OGEMAW, MI
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   BROWARD
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

RICHARD S. ROSS, ESQ.
4801 SOUTH UNIVERSITY DRIVE, SUITE 237   CIV-ZLOCH
FT. LAUDERDALE, FLORIDA 33328
(954) 270-0110

Attorneys (If Known)

DANIEL S. POLLEY, ESQ., 1215 E. BROWARD BLVD., FT. LAUD., FL 33301 (954) 234-2417

**(d)** Check County Where Action Arose:  ☐ MIAMI- DADE  ☐ MONROE  ☒ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

O: 08CV (00084 -1172-LSS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

FILED by _____ D.C.
INTAKE

JAN 22 2008

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Re-filed- (see VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☒ NO     b) Related Cases ☒ YES ☐ NO

JUDGE ADALBERTO JORDAN    DOCKET NUMBER 05-61593-CIV-JORDAN

### VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

15 USC 1114 AND 1125 TRADEMARK INFRINGEMENT/UNFAIR COMPETITION/BREACH OF SETTLEMENT AGREEMENT
LENGTH OF TRIAL via  4  days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE
January 22, 2008

**FOR OFFICE USE ONLY**

AMOUNT 350 α    RECEIPT #    IFP

542077